**Case No. 18-60767**

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT



JASON ALSTON,

Plaintiff-Appellant

v.

PRAIRIE FARMS DAIRY, INCORPORATED, doing business as Luvel,

Defendant- Appellee

Appeal from the United States District Court for the Northern District of Mississippi Greenville Division; No. 4:16-CV-245, Debra Marie Brown, Presiding

### BRIEF OF APPELLANT

Jason Alston

223 Third Avenue

Kosciusko, Mississippi, 39090

Telephone: 662-739-5301

Email: babyheart1981@gmail.com

February 14, 2019                                    Pro Se litigant

**Case No. 18-60767**

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

JASON ALSTON,

Plaintiff-Appellant

v.

PRAIRIE FARMS DAIRY, INCORPORATED, doing business as Luvel,

Defendant- Appellee

Appeal from the United States District Court for the Northern District of Mississippi Greenville Division; No. 4:16-CV-245, Debra Marie Brown, Presiding

**BRIEF OF APPELLANT**

Jason Alston

223 Third Avenue

Kosciusko, Mississippi, 39090

Telephone: 662-739-5301

Email: babyheart1981@gmail.com

February 14, 2019                                    Pro Se litigant

## CERTIFICATE OF INTERESTED PERSONS

The Plaintiff-Appellant of the record certifies that the following is a complete list

of the trial judge, attorneys, persons, associations of persons, or partnerships,

known to him that have an interest in the outcome of this case. These

representations are made in order that the judges of this Court may evaluate

possible disqualification or recusal:

**Judge:**

United States District Court for the Northern District of Mississippi Greenville

Division- Debra Marie Brown

**Defendant/ Appellee:**

PRAIRIE FARMS DAIRY, INCORPORATED, doing business as Luvel,

Former Lead Attorney Timothy W. Lindsay

Former Attorney Blythe K. Lollar

Former Attorney Robin Banck Taylor

Appellee's Plant Manager Rodney Smith

i.

**Appellee's Daytime Former Supervisor** and Route Sales Driver Brad Hutchinson

Appellee's Night time Supervisor Donny Riley

Appellee's Director of Labor Relations and Human Resources Harold Papen

**Appellee's Route Sales Driver** Martin ("Marty") Price and **Former Mississippi Department of Transportation Supervisor**

<u>Counsel for Defendant/ Appellee</u>

Attorney Melissa Kimberly Hodges
Ogletree, Deakins, Nash, Smoak, & Stewart, P.C
6410 Poplar Avenue, Suite 300
Memphis, TN, 38119
Email: <u>Kim.hodges@ogletrrdeakins.com</u>

<u>Plaintiff/ Appellant</u>

Jason Alston

## Counsel for Plaintiff/Appellant

No Counsel. Plaintiff –Appellant is Pro se

Jason Alston

223 Third Avenue

Kosciusko, Mississippi, 39090

Telephone; 662-739-5301

Email: babyheart1981@gmail.com

Date: February 14, 2019.


Jason Alston, Plaintiff-Appellant

iii.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant does not request oral argument. Appellant do believe this, his brief in

this case is good enough and show judgment in favor of the Appellee should be

reversed because the trial judge applied the wrong law, or applied the law

incorrectly.

iv.

# TABLE OF CONTENTS                    Pages

CERTIFICATE OF INTERESTED PERSONS ...........................................i, ii, iii,

TABLE OF CONTENTS ..............................................................................v

TABLE OF AUTHORITIES.......................................................................vi

STATEMENT REGARDING ORAL ARGUMENT ...................................iv

JURISDICTIONAL STATEMENT……………………………....……..1

STATEMENT OF ISSUES.........................................................................2

STATEMENT OF THE CASE ...................................................................3

SUMMARY OF THE ARGUMENT...........................................................9

ARGUMENT ...........................................................................................14

STANDARD OF REVIEW…………………………………………......15

CONCLUSION ........................................................................................18

CERTIFICATE OF SERVICE.................................................................20

CERTIFICATE OF COMPLIANCE .......................................................21

# TABLE OF AUTHORITIES

## Cases

**Pages:**

Anderson v. Liberty Lobby, Inc.,

477 U.S. 242, 255 (1986)............................................................16

Carver v. Holder,

606 F.3d 690, 695(9th Cir. 2010)....................................................16

Reeves v. Sanderson Plumbing Prods.,

530 U.S. 133, 150 (2000)...............................................................16

Schnidrig v. Columbia Mach.,

80 F.3d 1406, 1410 (9th Cir. 1996)...................................................15

State v. Ehli, 667 NW 2d 635 - ND:

Supreme Court 2003 at 637. ...........................................................18

## RULES

HFed. R. Civ. P.
56(c)....................................................................16

Evid.R. 702...............................................................................10

Federal Rules of Appellate Rule Procedure 4(a) (1).....................................1

## STATUTES

U.S.C. § 1291 ............................................................................1

# JURISDICTIONAL STATEMENT

The appeal is timely pursuant to **Rule 4(a) (1) of the Federal Rules of Appellate**

**Procedure** because the Notice of Appeal in this civil case was filed within 30 days

of the district court's final decision. This Court has jurisdiction pursuant to 28

**U.S.C. § 1291** because December 28, 2018, was the final Order.ROA.154. Notice

of Appeal was refile on January 4, 2019. ROA.155. Jurisdictional is proper in this

Honorable Court.

1.

# STATEMENT OF THE ISSUES

I.  Whether the district court's factual determinations are "clearly

erroneous?

II.  Whether Appellant's constitutional rights has been violated?

III.  Whether the Appellee's Declaration of Harold Papen, Declaration

of Rodney Smith, Declaration of Brad Hutchinson, and

Declaration of Donny Riley is admissible evidence?

IV.  Whether the Appellee caused the Appellant prejudice withholding

the surveillance camera system footage from October 26, 2015

through November 5, 2015 that is and/or was in their custody?

2.

## STATEMENT OF THE CASE

This is an appeal of the district court dismissal of plaintiff's claim with prejudice.

ROA.99. Plaintiff-Appellant [hereinafter also "Plaintiff," or "Mr. Alston"] is a

resides in Kosciusko, Mississippi. ROA.01. Mr. Alston was employed by the

MISSISSIPPI DEPARTMENT OF TRANSPORTATION [hereinafter "MDOT"]

as a Maintenance Tech II from September 1, 2012 to October 26, 2015. ROA.42-

43. The plaintiff supervisor at MDOT was Martin Price ("Mr. Price"). ROA.98.

Martin Price is also called Marty Price. While at MDOT Mr. Alston filed at least

one charge of Discrimination against MDOT with the EEOC. R.E.84.

3.

Mr. Alston for years applied for different positions at LUVEL but was never

hired. R.E.62-65. On March 30, 2015, the plaintiff applied for a Route Sales

Driver. R.E.64. MDOT employee Steve Melton actually called Robert Peacock and

told him that Mr. Alston would be a good candidate for the route sales position.

R.E.56.Robert Peacock ("Mr. Peacock") is a LUVEL Supervisor, hiring

Supervisor.R.E.56. The plaintiff was interview by Mr. Peacock and signed a lot

papers but was never told the day the plaintiff would start DRIVING .R.E.56. Mr.

Price knew the plaintiff had applied for Route Sales Driver positions for

LUVEL.R.E.59.On October 5, 2015, Mr. Alston applied again in person for a

4.

different position for LUVEL.ROA.48.The plaintiff was interviewed by

LUVEL **day shift** supervisor Brad Hutchison (hereinafter "Mr. Hutchison") and

then LUVEL **Plant Manager** Rodney Smith ("Mr. Smith"). ROA.43. LUVEL did

do a reference check.ROA.48. MDOT **Supervisor** Mr. Price gave a favorable

reference indicating on Mr. Alston.ROA.43. AFTER the interview with Mr.

Hutchison at LUVEL, the plaintiff told his mother that Mr. Hutchison explain to

him that Mr. Hutchison and Mr. Price are **good friends**. R.E.52.The plaintiff was

employed at LUVEL from October 26, 2015 through November 5, 2015. R.E.54.

After the plaintiff was terminated by Mr. Hutchison on November 5, 2015, the

5.

plaintiff filed a charge discrimination against LUVEL on November 11, 2015.

ROA.01.

On November 25, 2015, Mississippi Department of Employment

Security **investigated** Mr. Alston eligibility for Unemployment Benefits from

LUVEL and determined that LUVEL have not shown that Mr. Alston was

discharged for misconduct connected with the work. R.E.66. Mr. Hutchison **fail to**

**show, answer, reschedule and/ or appeal MDES decision.** R.E. 67.

LUVEL Vice President of Human Resources and Labor Relations Harold

Leroy Papen (hereinafter "Mr. Papen") is a citizen of the **State of Illinois.** On

6.

December 15, 2015, Mr. Papen from the State of Illinois is the **only** person who

gave a statement to the EEOC pertaining to the plaintiff's job performance from

his nice office in the State of Illinois. R.E.68-70.

On December 13, 2016, Watson & Norris PLLC filed a lawsuit against

LUVEL on behalf Mr. Alston. ROA.1. At First glance of the proceedings seems to

be moving smoothly. ROA.1-19. Due to plaintiff Attorneys' allowing the

Defendant Attorneys' to stonewall and double talk their way out producing

relevant video footage.  ROA.20-23. Plaintiff request Attorney to withdraw from

the plaintiff case.ROA.38-39. Defendant Service the Defendant's Pre-Discovery

7.

Disclosures of Core Information. ROA.35. Mr. Papen is not mention nor **listed** in

Defendant's Pre-Discovery Disclosures of Core Information. R.E.74-77.

Dispositive Motions was due on November 7, 2017. ROA.39. Discovery was

closed in 2017. On April 12, 2018, District Court allow the Defendant to reopen

Discovery and talk to plaintiff witness without him being present. See R.E.80-82.

Plaintiff seen with his own eyes the LUVEL employees working on the TV

monitor upstairs.R.E.55. Plaintiff Objected to evidences and declarations in

Defendant's Motion for Summary Judgment. ROA.47. Plaintiff requested a Motion

for Continuance. ROA.73. Plaintiff filed a MOTION for Relief from Judgment re

8.

<u>99</u> Order Dismissing Case.ROA.100. Plaintiff request for new trial. ROA.102.

Plaintiff made a MOTION to Compel Defendants' Surveillance Video Footage

That Is In Their Custody from October 26, 2015 Through November 5, 2015.

ROA.115.

Plaintiff MOTION/REQUEST for Evidentiary Hearing .ROA.116. and

ROA.118. Plaintiff now appeals District Court decision to this Honorable

Court.

## <u>SUMMARY OF THE ARGUMENT</u>

The trial court abused its discretion by allowing the testimony of an expert witness

when the witness did not have specialized knowledge, skill, experience, or training

regarding the subject matter of the testimony under **Evid.R. 702**. R.E.78-79., See

ROA.79. The Plaintiff requested a Continuance with good faith and the District

Court denied it. ROA.73. Plaintiff requested for an Evidentiary Hearing twice,

district court denied them both. ROA116. and ROA.118. Defendant fail to give the

plaintiff an **notice** that the Bond Reporter was finish with the Deposition of Jason

Alston. R.E.86. Out of three (3) skilled Attorneys' someone could have told the

plaintiff something. The District Court allowed their former law clerk to reopen

10.

Discovery.R.E.80-82. The District Court erred by allowing Harold Papen to

Give a testimony on plaintiff's job performance from the State of Illinois.ROA.43.

Also see R.E. 74-77. The district court erred as a matter of law granting the

Defendant's Judgment Motion.ROA.43-44. Defendant intentionally withheld

relevant video footage causing the plaintiff prejudice.R.E.78-79.Plaintiff worked

on the inside and outside. ROA.49. Defendant fail to produce inside and outside

video footage that is in their custody.R.E.55. Defendant fail to produce Declaration

of Rodney Smith, Declaration of Brad Hutchinson, Declaration of Donny Riley,

and Declaration of Harold Papen doing Discovery. ROA.43.

11.

Defendant misconduct has caused the plaintiff prejudice. Looking at

Declaration of Rodney Smith, Declaration of Brad Hutchinson, Declaration of

Donny Riley, and Declaration of Harold Papen **dates** where each person signed it

clearly shows this information was manufactured and invented to cause the

plaintiff prejudice.ROA.43. Defendant had no Defense and pretext the reason(s)

for plaintiff's termination.ROA.43.Plaintiff was denied an opportunity to be heard

by the District Court.ROA.116 and 118. Attorney Blythe K. Lollar had a meeting

with the District Judge Brown about the parties Summary Judgement Motions

without the plaintiff in the same Room and whatever that was Attorney Blythe K.

12.

Lollar bag influence judge brown decision in granting the Defendant's Summary

judgment Motion. Attorney Blythe K. Lollar request to the Magistrate Judge

Jane M. Virden in front of the plaintiff to speak with the District Judge Brown

about the pending Summary Judgment Motions .ROA.76.

Plaintiff have made many attempt to obtain this footage but the District

Court in Greenville, Mississippi will not release it to the plaintiff. Plaintiff is a pro

Se litigant with no legal training nor High School diploma nor General Educational

Development ("GED"). R.E.54. Plaintiff submit a Letter/Correspondence

: Freedom of Information Act Request. ROA.133. District Court will not release

13.

that video footage of this ex parte meeting that was held with Attorney  Blythe K.

Lollar and Judge Debra Brown on March 21, 2018. Under ROA.75. Video

Footage does not lie.

## ARGUMENT

The CBA- Article IX- states, NO EMPLOYEE shall be discharged without just

cause. Reason for dismissal to be stated in writing to the employee. It is agreed

that, if the Company wished to discharge an employee, the company shall give the

employee at least (7) days notice. R.E.83.

Defendant fail to give Mr. Alston a notice prior to him been terminated by

14.

Mr. Hutchison on this day on November 5, 2015.Mr. Alston was never

reprimanded in writing prior to his termination. Mr. Alston was never reprimanded

orally prior to his termination. District Court judge erred in weighing the

evidences. See Dates of ROA.41-42., ROA.43-44., and ROA.99.

## Standard of Review

"This Court has set a high standard for the granting of summary judgment in

employment discrimination cases." Most recently, we explained that "`[w]e require

very little evidence to survive summary judgment' in a discrimination case,

because the ultimate question is one that can only be resolved through a "searching

inquiry" — one that is most appropriately conducted by the factfinder, upon a full

record. **Schnidrig v. Columbia Mach., 80 F.3d 1406, 1410 (9th Cir. 1996).**

15.

The de novo standard governs summary judgment decisions, applying the same

standards used by the district court. **Carver v. Holder, 606 F.3d 690, 695(9th Cir.**

**2010).**Summary judgment is appropriate only if there is "no genuine issue as to

Any material fact and the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(c). This Court "must draw all reasonable inferences in favor of the

nonmoving party, and it may not make credibility determinations or weigh the

evidence." **Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 150 (2000)**

Credibility determinations, the weighing of the evidence, and the drawing of

legitimate inferences from the facts are jury functions, not those of a judge,

whether he is ruling on a motion for summary judgment or for a directed verdict.

**Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)**

16.

In Plaintiff's **Request for production of Document**, it clearly

states,

Request No. 2: Please produce a copy of the Plaintiff's personal file, payroll file,

medical records file, and any file or documentation relating to his termination of

employment which is the subject of this litigation.

Request No. 3: Please produce copies of any recording, audio tapes, email or

videotape that Defendant has in its possession involving the plaintiff.R.E.33.

In **Plaintiff's Interrogatories** it clearly states,

Interrogatories No. 1: Identify by name, address, telephone, number and

present employer  each and every person Defendant believes has knowledge of any

facts relevant to Plaintiff's claims in this action. For each such individual

identified, describe what knowledge you believe said individual has.

17.

Interrogatories    No. 2: Identify all documents which in any way support, pertain

To or relate to the subject matter of this lawsuit or the claims asserted in your

Answer to Plaintiff's Complaint.

Interrogatories    No. 5: Are you aware of the existence of any written or recorded

Statement (s) made by or for any party or witness pertaining to the facts of this

case? R.E.39-R.E.50.

The fundamental requirements of due process are notice and a fair

opportunity to be heard. **State v. Ehli, 667 NW 2d 635 - ND: Supreme Court**

**2003 at 637.**

## <u>CONCLUSION</u>

This Court should reverse the trial court's granted summary judgment in Defendant

favor. ROA.43. First, the trial court did not properly consider evidence submitted

18.

in plaintiff opposition to the motion. Second, the trial court abused its discretion by

denying Mr. Alston request for additional time to provide evidence that would

further support his opposition to the motion. Third, by Former Attorney Blythe K.

Lollar been a **former Law Clerk** for Chief Judge **Sharion Aycock** of the United

States District Court for the Northern District of Mississippi Greenville Division, it

was a conflict of interest in her practice law in the same Court, where she once

was a law clerk and therefore this Court should grant the plaintiff a New Trial  or

whatever this Court deems proper.

Respectfully submitted this day February 14, 2019.

Jason Alston, Plaintiff

By: Jason Alston

    Plaintiff and Pro Se

Jason Alston

223 Third Avenue

Kosciusko, Mississippi, 39090

Telephone: 662-739-5301

Email: babyheart1981@gmail.com

19.

## CERTIFICATE OF SERVICE

I, Jason Alston, as Pro Se, do hereby certify that I have this date mailed, by United

States mail, a true and correct copy of everything list above to the following

persons, at her last known address:

Melissa Kimberly Hodges

Ogletree, Deakins, Nash, Smoak, Stewart, PC

6410 Poplar Avenue, Suite 300

Memphis TN, 38119

This the ___14___ day of February, 2019.

JASON ALSTON, Plaintiff

20.

## **CERTIFICATE OF COMPLIANCE**

The Plaintiff-Appellant of the record certifies that this Brief complies with the

page and type volume limitations of Fed. R. App. P. 32(a) because:

1. This Brief contains 2593 words, excluding the parts of the brief exempted

    by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P.

    23(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because

    the brief has been prepared in proportionally spaced typeface using

    Microsoft Word 2013 Times New Roman 14-point font.

Dated: February 14, 2019.


Jason Alston, Appellant- Plaintiff

21.



PRIORITY
★ MAIL ★

UNITED STATES
POSTAL SERVICE®

For Domestic and International Use.

Label 107R, May 2014

TRACKED
INSURED

**TO:**

United States Court of Appeals Fifth Circuit
600 S. Maestri Place Suite 115
New Orleans LA, 70130



**FROM:**

Jason Aston
223 third Avenue
Kosciusko, MS, 39090

Retail

US POSTAGE PAID

**$9.25**

Origin: 39201
02/14/19
2737830014-14

PRIORITY MAIL 2-Day®

2 Lb 7.50 Oz

1004

EXPECTED DELIVERY DAY: 02/16/19

C027

SHIP
TO:
600 S MAESTRI PL
STE 115
NEW ORLEANS LA 70130-3440



USPS TRACKING NUMBER