**Case No. 18-60767**

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

JASON ALSTON,

Plaintiff-Appellant

v.

PRAIRIE FARMS DAIRY, INCORPORATED, doing business as Luvel,

Defendant- Appellee

Appeal from the United States District Court for the Northern District of Mississippi Greenville Division; No. 4:16-CV-245, Debra Marie Brown, Presiding

### PLAINTIFF- APPELLANT REPLY BRIEF

Jason Alston
223 Third Avenue
Kosciusko, Mississippi, 39090
Telephone: 662-739-5301
Email: babyheart1981@gmail.com

April 1, 2019                                      Pro Se litigant



# TABLE OF CONTENTS

PAGE:

TABLE OF CONTENTS…………………………………………………………..ii

TABLE OF AUTHORITIES………………………………………………………iii

INTRODUCTION…..……………………………………………………………...1

ARGUMENT……………………………………………………………………….1

CONCLUSION…………...................................................................................…..4

CERTIFICATE OF SERVICE…………………………………………………….6

CERTIFICATE OF COMPLIANCE……………………………………………….7

## TABLE OF AUTHORITIES

**CASES**                                                                 PAGE:

Crawford v. Runyon, 37 F. 3d 1338 –

Court of Appeals, 8th Circuit 1994 at 1342..........................................2

Hagner v. Allstate Insurance Co., 867 So. 2d 1202

- Fla: Dist. Court of Appeals, 5th Dist. 2004 at 1203........................3

## INTRODUCTION

The United States District Court for the Northern District of Mississippi Greenville Division (hereinafter "District Court") improperly granted the Defendant's Summary Judgment. ROA.98. The Brief of Appellee is a misleading contortion of facts and law. In the Defendant, Brief of Appellee is devoid of a corresponding reference to the record or is blatantly misrepresented. Many of the authorities cited by Defendant in support of its various points of law are incorrect or are stretched beyond logic and reason.

## ARGUMENT

District Court erred by allowing inadmissible evidence that was not produced Doing plaintiff's termination nor doing discovery, but only at the filing of Dispositive Motion. (ROA.43.)(SEE ATTACHMENT Exhibit **Dates**).

Defendant's Pre-Discovery Disclosures of Core Information does not include

1.

Harold Papen nor is he listed in Defendant's Supplemental Disclosures. (ROA.35 and ROA.37.) District Court erred by allowing the Defendant's Plant Manger to give expert witness testimony. (ROA.79.) Plaintiff worked both inside and outside while employed with the Defendant.(ROA.101.) Defendant withheld deliberately relevant video footage pertinent to this case. (ROA.79.) District Court erred further by denying the plaintiff the opportunity to be heard.(ROA.116. and ROA.118.)

Prairie Farms **Manufactured** and **invented** evidences to get a favorable decision. (ROA. 43. AND ROA.48.) Plaintiff was never reprimanded for any reason or prior to his termination. Jeremy Odom who has first-hand Knowledge of the conspiracy and plot to hired the plaintiff and later fired the plaintiff for filing a charge of discrimination against Mississippi Department of Transportation ("MDOT") supervisor Marty Price .ROA.114. Discovery is incomplete. (ROA.114-ROA.119.)

2.

**In** Crawford v. Runyon, 37 F. 3d 1338 - Court of Appeals, 8th Circuit 1994 at 1342

In the face of this genuine factual dispute, summary judgment on the discrimination claim was inappropriate. Accordingly, we reverse the District Court's judgment on the Rehabilitation Act claim and remand the case for further proceedings on that claim.

The Eighth Circuit reversed summary judgment that had been granted in favor of an employer against an employee who claimed employment discrimination. The court found that a triable issue of material fact existed as to whether or not the employer's proffered reason for terminating the plaintiff was pretextual. (Crawford, 37 F.3d 1338 at 1342.)

The District Court improperly weighed evidence and made inferences in favor of the Defendant. The District Court failed to acknowledge the existence of these material issues of disputed facts stated above and as such, erred in granting

3.

summary judgment for the Defendant. The Defendant deliberately frustrates the discovery process through false testimony, conscious concealment of information, and possible destruction of relevant evidence.(ROA.79, ROA.43., and ROA.48)

**In Hagner v. Allstate Insurance Co., 867 So. 2d 1202 - Fla: Dist. Court of Appeals, 5th Dist. 2004 at 1203**

("[W]here a party perpetrates 1203*1203 a fraud on the court which permeates the entire proceedings, dismissal of the entire case is proper.")

## CONCLUSION

The district court erred in granting summary judgment for the Defendant, and this Court should reverse and remand for trial or reverse and render and remand for New trial.

      Respectfully submitted this the ____1____ day of April, 2019.

                                                   Jason Alston, Plaintiff

By: Jason Alston

Plaintiff and Pro Se

Jason Alston

223 Third Avenue

Kosciusko, Mississippi, 39090

Telephone: 662-739-5301

Email:babyheart1981@gmail.com

5.

## CERTIFICATE OF SERVICE

I, Jason Alston, as Pro Se, do hereby certify that I have this date mailed, by United States mail, a true and correct copy of everything list above to the following persons, at his/her last known address:

Melissa Kimberly Hodges

Ogletree, Deakins, Nash, Smoak, Stewart, PC

6410 Poplar Avenue, Suite 300

Memphis TN, 38119

This the ___1___ day of April, 2019.

JASON ALSTON, Plaintiff

6.

## CERTIFICATE OF COMPLIANCE

I, Jason Alston hereby certify that the foregoing **Plaintiff-Appellant Brief** complies with the type-volume limitations of Fed. R. App. P. 29(d) and Fed. R. App. P. 28.1(e)(2)(B) because this brief contains 862 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(a)(7)(B)(iii).

I, Jason Alston also certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface Using Microsoft Office WordPerfect in 14 point Times New Roman type.

Date: April 1, 2019

By: Jason Alston
Plaintiff and Pro Se

Jason Alston, Plaintiff

Jason Alston
223 Third Avenue
Kosciusko, Mississippi, 39090
Telephone: 662-739-5301
Email:babyheart1981@gmail.com

7.



TO:
United States Court of Appeals Fifth Circuit
600 S. Maestri Place Suite 115
New Orleans, LA 70130

FROM:
Jason Alston
223 Third Avenue
Kosciusko, MS 39090